UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL BARTLETT,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                               Case No. 1:17-cv-1138

BORGESS HOSPITAL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action against Borgess Hospital and Ascension Health seeking 100 million dollars in damages based upon alleged violations of various state and federal provisions. Plaintiff alleges that after giving birth to a child in February 2014, she was forcibly hospitalized after which the State of Michigan took custody of her child and terminated her parental rights. According to Plaintiff, the State took this action based upon the results of laboratory tests which inaccurately revealed that she had been consuming illegal drugs while pregnant. Plaintiff alleges that these inaccurate laboratory tests were conducted by individuals employed by Defendants. Asserting that Plaintiff's allegations fail to state a claim on which relief may be granted, Defendants now move to dismiss Plaintiff's complaint.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.      42 U.S.C. § 1983**

Invoking 42 U.S.C. § 1983, Plaintiff alleges that she suffered a "deprivation of rights." These claims fail for several reasons.

First, § 1983 is not an independent source of constitutional rights, but rather "operates as a vehicle to assert violations of other constitutional rights." *Cabaniss v. City of Riverside*, 231 Fed. Appx. 407, 412 (6th Cir., Apr. 6, 2007). Accordingly, "in order to bring a § 1983 claim, a plaintiff must begin by identifying a violation of an existing constitutional right." *Ibid.* Plaintiff has failed, however, to identify any constitutional right that Defendants allegedly infringed.

Second, Plaintiff seeks to hold Defendants responsible for the alleged actions of their

employees. Defendants, however, are not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).

To impose liability against Defendants, Plaintiff must demonstrate that she suffered a violation of her federal rights "because of" a policy, practice, or custom attributable to Defendants. *See Thomas*, 398 F.3d at 429. To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Defendants had notice or constructive notice of such; (3) that Defendants tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)). Plaintiff's complaint contains no allegations that satisfy this standard.

Finally, neither Defendant is properly characterized as a state actor. Section 1983 is properly invoked only where the alleged wrongful conduct is perpetrated "under color of state law." Because Defendants are private entities, their actions constitute state action only if the alleged infringement of Plaintiff's rights "is fairly attributable to the State." *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 783 (6th Cir. 2007). Private conduct is attributable to the state if one of three tests is satisfied: (1) public function test; (2) state compulsion test; and (3) symbiotic relationship test. *Id.* at 784. Plaintiff's allegations satisfy none of these tests. *See Paige v. Coyner*, 614 F.3d 273, 278-79 (6th Cir. 2010). Accordingly, the undersigned recommends that Plaintiff's §

1983 claims be dismissed for failure to state a claim.

## II.        Other Federal Statutes

Plaintiff invokes various other provisions of federal law, however, Plaintiff either lacks standing to assert a claim thereunder and/or fails to state a claim for violation of such.

### A.        31 U.S.C. § 3730

This provision authorizes the United States Attorney General or "private persons" to initiate civil actions to enforce 31 U.S.C. § 3729 which prohibits various types of false claims. To state a claim under this provision, Plaintiff must allege that the Defendants: (1) made a claim; (2) to the United States government; (3) that is false or fraudulent; (4) knowing of its falsity; and (5) seeking payment from the federal treasury. *See, e.g., Xu v. Neubauer*, 166 F.Supp. 3d 203, 208 (D. Conn. 2015). Plaintiff's allegations contain no allegations that anybody made a knowingly false claim to the United States government for the purpose of seeking payment from the federal treasury. Accordingly, the undersigned recommends that Plaintiff's claims pursuant to this provision be dismissed for failure to state a claim.

### B.        8 U.S.C. § 1324c

This provision prohibits various types of document fraud in the context of certain immigration matters. *See, e.g., Atiemo v. Proctor*, 2016 WL 7012300 at *1 (D. Md., Dec. 1, 2016). Plaintiff's allegations do not concern immigration matters. Accordingly, the undersigned recommends that Plaintiff's claims pursuant to this provision be dismissed for failure to state a claim.

### C.        18 U.S.C. § 241

This provision criminalizes certain conspiratorial conduct. However, because this is a criminal statute, it "do[es] not create a private cause of action." *Jenkins v. Michigan Department of*

*Corrections*, 2014 WL 1764983 at *5 (W.D. Mich., May 2, 2014). Plaintiff, as a private citizen, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* Accordingly, the undersigned recommends that Plaintiff's claims pursuant to this provision be dismissed for failure to state a claim.

    D.  18 U.S.C. § 247

This provision criminalizes certain damage to religious property or obstruction of individuals in the exercise of their religious beliefs. As a criminal statute, this provision does not confer on Plaintiff a private right of action. Accordingly, the undersigned recommends that Plaintiff's claims pursuant to this provision be dismissed for failure to state a claim.

    E.  18 U.S.C. § 1038

This provision criminalizes certain false information and hoaxes. As a criminal statute, this provision does not confer on Plaintiff a private right of action. Accordingly, the undersigned recommends that Plaintiff's claims pursuant to this provision be dismissed for failure to state a claim.

    F.  18 U.S.C. § 1623

This provision criminalizes certain false statement made before a court or grand jury. As a criminal statute, this provision does not confer on Plaintiff a private right of action. Accordingly, the undersigned recommends that Plaintiff's claims pursuant to this provision be dismissed for failure to state a claim.

**III.**  **State Law Claims**

Plaintiff also asserts numerous state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has

dismissed all claims over which it has original jurisdiction."  Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."  *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).   Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue such in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 16), be **granted** and this action **terminated**.  Specifically, the undersigned recommends that Plaintiff's federal law claims be dismissed with prejudice for failure to state a claim and Plaintiff's state law claims be dismissed without prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: April 5, 2018                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  U.S. Magistrate Judge